### Case No. 17,945.

WOOD et al. v. FORREST et al.

[2 Cranch, C. C. 303.] [1]

Circuit Court, District of Columbia. April Term, 1822.

#### REPLEVIN BOND—VALIDITY.

It is not necessary to the validity of a replevin bond that the plaintiff in replevin should be bound in the bond.

Debt upon a replevin bond. The bond was in this form: "Know all men, by these presents, that we, Richard M. Scott, trustee of Mrs. Elizabeth C. Watson, and Henry Forrest, James Watson, and J. G. Slye, of Washington county and District of Columbia, are held and firmly bound unto Bazil Wood and Henry B. Robertson," etc., but was executed by the last-named three obligors only, Mr. Scott not having signed or sealed it. The condition was in the usual form, but it stated, in its recital, that the writ of replevin, which was about to be sued out, was returnable to the said circuit court next to be held at the city of Washington, in the

---

1 [Reported by Hon. William Cranch, Chief Judge.]

District of Columbia, on the —— of —— next." The defendants, after oyer, demurred generally to the declaration.

Mr. Randall, for defendants, contended that the bond was void, because not taken according to the directions of the statute of 11 Geo. II., c. 19, § 23, which, in case of replevin for distress taken for rent, requires the bond to be taken "from the plaintiff and two responsible persons as sureties." So, a bail bond, the condition of which is not conformable to the statute, is void. 5 Com. Dig. 646, 647.

Mr. Jones, contra. That might perhaps have been a ground for a motion to quash the replevin, but the defendants cannot now take advantage of it. The blank, in the condition as to the day of sitting of the court, is immaterial, as it states it to be "the said circuit court next to be held at the city of Washington," the time for the holding of which is made certain by law.

THE COURT took time, during the vacation, to consider the case, and, at the next term, rendered judgment upon the demurrer, for the plaintiffs; and the plaintiffs executed a writ of inquiry, and the jury assessed their damages to the full amount of the debts and costs for which the property had been taken in execution by the plaintiffs, who were constables.